**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GENESIS MARINE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 26-1050** |
| **PETROLEUM FUEL AND TERMINAL COMPANY** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Defendant Petroleum Fuel and Terminal Company's ("Defendant") "Motion to Continue Submission of Genesis Marine, LLC's Motion to Remand and to Compel Genesis Marine's Rule 7.1 Disclosures, or Alternatively, for Expedited Limited Jurisdictional Discovery."[1] This action was removed on the basis of diversity jurisdiction.[2] In the instant motion, Defendant requests a continuance of the submission date of Plaintiff Genesis Marine, LLC's ("Plaintiff") Motion to Remand[3] to allow the parties to determine Plaintiff's citizenship through disclosures required by Federal Rule of Civil Procedure 7.1 or, alternatively, limited jurisdictional discovery. Plaintiff opposes the motion.[4] Having considered the motion, the opposition, the reply memorandum, the record, and the applicable law, the Court grants a brief continuance of the submission date and orders that Plaintiff comply with its disclosure obligations under Rule 7.1.

## I.  Background

On April 7, 2026, Plaintiff filed a Petition for Damages in the 40th Judicial District Court

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 1.

[3] Rec. Doc. 6.

[4] Rec. Doc. 15.

for the Parish of St. John the Baptist.[5] The petition references a previously filed related case arising out of an incident that occurred on December 23, 2020, filed by Brandon Darrow ("Darrow").[6] The petition filed by Plaintiff alleges that on December 23, 2020, the Genesis tug ANACONDA and her flotilla were instructed and directed by Defendant to proceed with cargo operations at the terminal where Darrow alleges his injury occurred.[7] The petition alleges that Defendant controls and directs where ships and tugs/barge berth, and the ANACONDA and her barges were ordered by Defendant to berth at the ship dock.[8]

The petition explains that Darrow's alleged injury occurred while casting the mooring line to the Petroleum Fuel mooring piling.[9] The petition states that, with respect to Darrow's allegations, if proven, Defendant would be liable for its percentage of comparative fault, whether directly to Darrow or by this claim of contribution and indemnity brought by Plaintiff based on the allegations contained in Darrow's petition.[10] According to the petition, as a result of Darrow's alleged accident, Plaintiff has paid Darrow maintenance and cure benefits exceeding $600,000.[11] Plaintiff seeks recovery of all maintenance and cure benefits paid to Darrow in the amount of Defendant's comparative fault.[12]

---

[5] Rec. Doc. 1-2.

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.*

[12] *Id.*

On May 15, 2026, the case was removed to this Court based on diversity jurisdiction.[13] On June 8, 2026, Plaintiff filed a Motion to Remand, which was set for submission on June 24, 2026.[14] On June 16, 2026, Defendant filed the instant Motion to Continue Submission Date of Plaintiff's Motion to Remand.[15] On June 16, 2026, Defendant filed a response to Plaintiff's Motion to Remand.[16] On June 22, 2026, Plaintiff filed a response to the instant motion.[17] On June 22, 2026, Plaintiff also filed a reply memorandum to the Motion to Remand.[18] On June 23, 2026, Defendant filed a reply memorandum to the instant motion.[19]

## II. Parties' Arguments

### A.    *Defendant's Arguments in Support of the Motion to Continue Submission Date*

Defendant moves this Court to continue the submission date of Plaintiff's Motion to Remand and to compel Plaintiff to produce Rule 7.1 disclosures or expedited limited jurisdictional discovery.[20] Defendant explains that the jurisdictional allegations in the Notice of Removal were made in good faith based on the information available at the time of removal.[21]

Defendant explains that in Plaintiff's Motion to Remand, Plaintiff argued that Defendant cannot establish diversity jurisdiction because Plaintiff's citizenship must be traced through

---

[13] Rec. Doc. 1.

[14] Rec. Doc. 6.

[15] Rec. Doc. 10.

[16] Rec. Doc. 13.

[17] Rec. Doc. 15.

[18] Rec. Doc. 16.

[19] Rec. Doc. 17.

[20] Rec. Doc. 10-1 at 1.

[21] *Id.* at 2.

3

several layers of Genesis Energy, L.P.'s incorporated entities because it is a publicly traded master limited partnership.[22] According to Defendant, it is Plaintiff's theory that, if any unitholder of Genesis Energy, L.P. is also a Missouri citizen, then Plaintiff and Defendant would not be completely diverse.[23]

Defendant explains that Plaintiff has submitted evidence indicating that Genesis Energy, L.P. is a publicly traded master limited partnership with more than 100 million common units whose ownership changes daily, and many units are held through financial intermediaries.[24] Defendant argues that Plaintiff fails to identify any specific Missouri citizen whose citizenship would destroy diversity.[25]

Defendant asserts that it meets the standard for jurisdictional discovery as it only seeks the ownership, partnership, transfer, nominee, and book-and-records information necessary to determine Plaintif's citizenship.[26] Defendant contends that this discovery is necessary for it to respond to the Motion to Remand and for the Court to properly evaluate subject matter jurisdiction.[27] Defendant states that Plaintiff has not made any disclosures as required by Rule 7.1.[28]

---

[22] *Id.* at 4.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 5.

[26] *Id.* at 6.

[27] *Id.*

[28] *Id.* at 8.

Defendant contends that a 30-day continuation of the Motion to Remand should be sufficient to obtain the necessary records.[29] Defendant also requests leave to serve a limited Rule 30(b)(6) deposition notice or written interrogatories if the document production does not identify Genesis Energy, L.P.'s partners.[30]

### B.    *Plaintiff's Opposition to the Motion to Continue Submission Date*

Plaintiff opposes the motion, arguing that Defendant's failure to establish diversity jurisdiction at the time of removal should not delay these proceedings.[31] Plaintiff argues that Defendant was required to affirmatively allege the citizenship of every member and partner in Plaintiff's ownership chain, and Defendant admits it cannot do so.[32] Plaintiff avers that Defendant's Motion to Continue Submission Date is now moot because Defendant has already filed a comprehensive opposition memorandum addressing the merits of the Motion to Remand.[33] Plaintiff contends that Defendant cites no authority permitting a party to request a second round of briefing.[34]

Plaintiff argues that Defendant cannot shift the burden to establish jurisdiction through Rule 7.1.[35] Plaintiff explains that the Rule 7.1 disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligations to plead the grounds for jurisdiction.[36]

---

[29] *Id.* at 12.

[30] *Id.* at 13.

[31] Rec. Doc. 15 at 1.

[32] *Id.* at 3.

[33] *Id.* at 4.

[34] *Id.*

[35] *Id.*

[36] *Id.* at 5.

Plaintiff avers that this Court should exercise its discretion to excuse Plaintiff's Rule 7.1 disclosure at this time given the impossibility and expense of identifying all limited partners.[37] Plaintiff contends that limitation of the Rule 7.1 disclosure requirements are appropriate here because Genesis Energy, L.P. is a publicly traded master limited partnership, and there is no comprehensive list of all beneficial owners.[38] Plaintiff argues that courts have recognized that this impossibility precludes a finding of diversity because it is not the burden of the non-moving party to prove subject matter jurisdiction.[39]

Plaintiff asserts that Defendant is not entitled to jurisdictional discovery before the ruling on the Motion to Remand.[40] According to Plaintiff, Genesis Energy, L.P.'s millions of unitholders are its limited partners.[41] Plaintiff asserts that Defendant cannot meet its burden of establishing complete diversity, and the motion should be denied.[42]

## C.   *Defendant's Arguments in Further Support of the Motion to Continue Submission Date*

Defendant argues that its motion is not moot, and the opposition memorandum filed with the Motion to Remand was limited based on the presently available information.[43] Defendant avers that this Court has an inherent authority to control its own docket and decide issues in any order it deems appropriate, including allowing additional briefing on any motion at its discretion.[44]

---

[37] *Id.* at 6.

[38] *Id.*

[39] *Id.*

[40] *Id.* at 8.

[41] *Id.* at 10.

[42] *Id.* at 12.

[43] Rec. Doc. 17 at 1.

[44] *Id.* at 2.

Defendant explains that Rule 7.1 contemplates that a removing party may not have all the information it needs to plead citizenship, and thus, it allows for the "firming up" of jurisdictional allegations after Rule 7.1 disclosures.[45] Defendant points out that in the case cited by Plaintiff, the court granted jurisdictional discovery to investigate the citizenship of every member of the LLC.[46] Defendant rejects Plaintiff's contention that Genesis Energy, L.P.'s  unitholders are its limited partners.[47]

### III. Law and Analysis

Defendant requests that the Court continue submission of Plaintiff's Motion to Remand and order Plaintiff to provide the disclosures required by Rule 7.1 or, alternatively, permit limited jurisdictional discovery regarding Plaintiff's citizenship. Plaintiff opposes the request, arguing that Defendant bears the burden of establishing diversity jurisdiction and should not be afforded additional time to do so.

Plaintiff seeks remand on the basis that complete diversity cannot be established because Plaintiff is a limited liability company with two members, Genesis Crude Oil, L.P. and Genesis Energy LLC. Genesis Energy, LLC's sole member is Genesis Energy, L.P., a limited partnership comprised of approximately 100 million publicly traded common units. Plaintiff contends that, because the citizenship of each limited partner cannot readily be identified, diversity jurisdiction cannot be established.

Pursuant to Federal Rule of Civil Procedure 7.1(2):

In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure

---

[45] *Id.* at 3.

[46] *Id.* at 4.

[47] *Id.* at 6–8.

statement. The statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party or intervenor:
**(A)** when the action is filed in or removed to federal court, and
**(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).[48]

The purpose of the Rule is to assist federal courts in determining whether diversity jurisdiction exists, and to provide information of financial interest which would support judicial disqualification decisions under Canon 3C(1)(c).[49] The disclosure statement must be filed with the party's first appearance, pleading, petition, motion, response, or other request addressed to the court.[50] Given the questions raised regarding Plaintiff's citizenship, the Court finds that compliance with Rule 7.1 will assist the Court in discharging its obligation to determine whether subject matter jurisdiction exists. "[B]ecause subject matter jurisdiction must be established before a court may proceed, parties will have to take seriously the duty to identify all attributable parties to enable the court to make the necessary diversity of citizenship determination at the outset."[51] In addition, the Court finds that Plaintiff's compliance with Rule 7.1 is necessary to enable the Court to fulfill its independent obligations under 28 U.S.C. § 455. Without a complete Rule 7.1 disclosure, the Court cannot adequately assess whether diversity jurisdiction exists or whether any basis for judicial disqualification is present.

Because Plaintiff's citizenship and the identity of its affiliated entities are central to both aforementioned inquiries, and because the relevant information is within Plaintiff's possession or control, the Court finds that requiring Plaintiff to provide a complete Rule 7.1 disclosure before

---

[48] Fed. R. Civ. P. 7.1(a)(2).

[49] *See* Fed. R. Civ. P. 7.1 advisory committee note to 2002 adoption. *See also Schueller v. Farmers Ins. Grp., 2008 WL 11451265*, *2 (D.N.M. 2008) ("The purpose of Rule 7.1 is to aid judges in making informed disqualification decisions under the financial interest standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges.").

[50] Fed. R. Civ. P. 7.1(b)(1).

[51] 5 Wright, Miller & Spencer, Federal Practice and Procedure § 1198 (4th ed. April 2026 update).

ruling on the pending Motion to Remand is appropriate. The Court further concludes that a continuance of the submission date is warranted to permit Plaintiff to comply with its disclosure obligations.

Accordingly,

**IT IS HEREBY ORDERED** that the motion[52] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall file a disclosure statement that complies with Federal Rule of Civil Procedure 7.1 within 14 days of this Order. The disclosure shall identify each individual or entity whose citizenship is attributed to Plaintiff for purposes of determining diversity jurisdiction.

**IT IS FURTHER ORDERED** that the submission date for Plaintiff's Motion to Remand is **CONTINUED** to July 22, 2026.

**NEW ORLEANS, LOUISIANA**, this  26th  day of June, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[52] Rec. Doc. 10.