**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GENESIS MARINE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 26-1050** |
| **PETROLEUM FUEL AND TERMINAL COMPANY** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Plaintiff Genesis Marine, LLC's ("Plaintiff") Motion to Remand.[1] Plaintiff asserts that Defendant Petroleum Fuel and Terminal Company's ("Defendant") removal of this matter was improper and requests that this matter be remanded to the Fortieth Judicial District Court, Parish of St. John the Baptist, State of Louisiana under 28 U.S.C. § 1447(c).[2] Specifically, Plaintiff contends that the Court lacks subject matter jurisdiction over this case because Defendant has failed to establish that diversity jurisdiction, or any other basis for jurisdiction, exists here.[3] Defendant opposes the instant motion.[4] Having considered the motion, the memoranda in support and opposition, the record, and the appliable law, the Court grants Plaintiff's Motion to Remand.

## I. Background

On April 7, 2026, Plaintiff filed a Petition for Damages in the Fortieth Judicial District

[1] Rec. Doc. 6.

[2] *Id.*

[3] Rec. Doc. 6-1.

[4] Rec. Docs. 13, 20.

Court for the Parish of St. John the Baptist.[5] The Petition references a previously filed related case arising out of an incident that occurred on December 23, 2020, filed by Brandon Darrow ("Darrow").[6] The Petition filed by Plaintiff alleges that on December 23, 2020, the Genesis tug ANACONDA and her flotilla were instructed and directed by Defendant to proceed with cargo operations at the terminal where Darrow alleges his injury occurred.[7] The Petition alleges that Defendant controls and directs where ships, tugs, and barges berth, and the ANACONDA and her barges were ordered by Defendant to berth at the ship dock.[8]

The Petition explains that Darrow's alleged injury occurred while casting the mooring line to Defendant's mooring piling.[9] The Petition states that, with respect to Darrow's allegations, if proven, Defendant would be liable for its percentage of comparative fault, whether directly to Darrow or by this claim of contribution and indemnity brought by Plaintiff based on the allegations contained in Darrow's petition.[10] According to the Petition, as a result of Darrow's alleged accident, Plaintiff has paid Darrow maintenance and cure benefits exceeding $600,000.[11] Plaintiff seeks recovery of all maintenance and cure benefits paid to Darrow in the amount of Defendant's comparative fault.[12]

On May 15, 2026, the case was removed to this Court based on diversity jurisdiction and,

---

[5] Rec. Doc. 1-2.

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.*

[12] *Id.*

or in the alternative, admiralty jurisdiction.[13] On June 8, 2026, Plaintiff filed the instant Motion to Remand, which was set for submission on June 24, 2026.[14] On June 16, 2026, Defendant filed a Motion to Continue Submission of Plaintiff's Motion to Remand and to Compel Plaintiff's Rule 7.1 Disclosures,[15] which Plaintiff opposed.[16] Also on June 16, 2026, Defendant filed a response to Plaintiff's Motion to Remand.[17] On June 22, 2026, Plaintiff filed a reply memorandum in support of the Motion to Remand.[18]

On June 26, 2026, the Court ordered Plaintiff to file a citizenship disclosure in compliance with Federal Rule of Civil Procedure 7.1 and continued the submission of Plaintiff's Motion to Remand to July 22, 2026, to allow Plaintiff time to comply with its disclosure obligations.[19] On July 10, 2026, Plaintiff filed a Statement of Corporate Disclosure.[20] On July 14, 2026, Defendant filed a supplemental memorandum in opposition to the Motion to Remand.[21] Then, on July 20, 2026, Plaintiff filed a second reply in support of the Motion to Remand.[22]

---

[13] Rec. Doc. 1.

[14] Rec. Doc. 6.

[15] Rec. Doc. 10.

[16] Rec. Doc. 15.

[17] Rec. Doc. 13.

[18] Rec. Doc. 16.

[19] Rec. Doc. 18.

[20] Rec. Doc. 19.

[21] Rec. Doc. 20.

[22] Rec. Doc. 21.

## <u>II. Parties' Arguments</u>

### *A. Defendant's Notice of Removal*

In the Notice of Removal, Defendant asserts that removal of this case is proper because the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and, or in the alternative, 28 U.S.C. § 1333.[23]

Defendant argues that the requirements for diversity jurisdiction are satisfied here.[24] First, Defendant asserts that the amount in controversy exceeds $75,000 based on the Petition.[25] Second, Defendant asserts that complete diversity exists in this case.[26] Defendant alleges that it is a citizen of Missouri, while Plaintiff is a citizen of Delaware and Texas.[27] According to the Notice of Removal, Defendant is a Missouri corporation with its principal place of business in St. Louis, Missouri, and Plaintiff is a Delaware limited liability company "with its principal place of business in Houston, Texas."[28] Defendant states that, as a limited liability company, Plaintiff "has the citizenship of its members."[29] Defendant then identifies the two following entities as Plaintiff's members: (1) Genesis Crude Oil, L.P. (a Delaware limited partnership) and (2) Genesis Energy, LLC (a limited liability company whose sole member, Genesis Energy, L.P., is also a Delaware limited partnership).[30] Plaintiff does not specifically allege the citizenship of the above entities

---

[23] Rec. Doc. 1.

[24] *Id.*

[25] *Id.* at 4.

[26] *Id.* at 5.

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.*

other than by identifying Genesis Energy, LLC's membership and stating that Genesis Crude Oil, L.P. and Genesis Energy, L.P. are "Delaware limited partnership[s]."[31]

With respect to its jurisdictional allegation under 28 U.S.C. § 1333, Defendant asserts that the Court has "original admiralty jurisdiction . . . because the [Petition] by [Plaintiff] alleges a maritime tort."[32]

***B. Genesis Marine's Arguments in Support of Remand***

In the instant motion, Plaintiff requests that the Court remand this matter to the Fortieth Judicial District Court, Parish of St. John the Baptist, State of Louisiana.[33] Plaintiff asserts that this matter was improperly removed by Defendant because the Court lacks subject matter jurisdiction over this case.[34] Moreover, Plaintiff argues that Defendant has not and cannot establish complete diversity, as required for removal under 28 U.S.C. § 1332(a).[35] Plaintiff's evidence supporting the instant motion consists of a declaration by Louis Nicol, Senior Vice President and Chief Accounting Officer of Genesis Energy, L.P. (the "Nicol declaration").[36]

First, Plaintiff asserts that Defendant applied the incorrect test to determine the citizenship of Genesis Energy, L.P., which is an indirect member of Plaintiff, as both the limited partner of Genesis Crude Oil, L.P. and as a member of Genesis Energy, LLC.[37] Plaintiff contends that Defendant "failed to distinctly and affirmatively allege the citizenship of [Plaintiff]" because

---

[31] *Id.*

[32] *Id.*

[33] Rec. Doc. 6.

[34] *Id.*

[35] Rec. Doc. 6-1 at 4–5.

[36] Rec. Doc. 6-2.

[37] Rec. Doc. 6-1 at 5.

Defendant did not allege the citizenship of all of Genesis Energy, L.P.'s limited partners (and, as a result, Genesis Energy, LLC).[38]

Second, Plaintiff argues that Defendant *cannot* distinctly and affirmatively allege the citizenship of Genesis Energy, L.P.'s limited partners.[39] Genesis Energy, L.P. is a master limited partnership with approximately 100 million publicly traded common units.[40] Plaintiff contends that each beneficial owner of Genesis Energy, L.P.'s common units is a limited partner of Genesis Energy, L.P.[41] In the same vein, the Nicol declaration also provides that Genesis Energy, L.P.'s "limited partners consist of the beneficial owners of its common units."[42] Further, Plaintiff contends that the citizenship of each and every one of Genesis Energy, L.P.'s beneficial owners cannot be fully ascertained, and therefore, Defendant cannot satisfy its jurisdictional burden.[43] The Nicol declaration further provides that "there is no complete list of all beneficial owners of [Genesis Energy, L.P.'s] common units" because the ownership of those common units changes daily, the majority of those common units are held through intermediaries, and "beneficial ownership information is subject to privacy and disclosure limitations."[44] According to Mr. Nicol, "the existence of a Missouri limited partner cannot be excluded," and in fact, it is "probable" that a limited partner of Genesis Energy, L.P. is a Missouri citizen.[45]

---

[38] *Id.* at 5.

[39] *Id.* at 7.

[40] *Id.* at 6.

[41] *See id.* at 6.

[42] Rec. Doc. 6-2 ¶ 8.

[43] Rec. Doc. 6-1 at 7.

[44] Rec. Doc. 6-2 ¶¶ 11–15.

[45] *Id.* at ¶¶ 16, 17.

In essence, Plaintiff argues that Defendant cannot prove that Plaintiff is *not* a citizen of Missouri and, therefore, cannot meet its burden.[46] Plaintiff further contends that the pleading requirements for removal are not lessened simply because determining citizenship is difficult.[47]

Finally, Plaintiff argues that Defendant cannot remove this matter under 28 U.S.C. § 1333 because "general maritime claims are not removable absent an independent basis of jurisdiction."[48]

### *C. Defendant's Arguments in Opposition to Remand*

In opposition, Defendant asserts that its removal was made in good faith and based on the information available to Defendant.[49] Defendant contends that it did not manufacture its allegations and instead relied on Plaintiff's prior citizenship allegations before other federal courts, where Plaintiff or Genesis Energy, L.P. "asserted the same or materially similar citizenship allegations *at least three times* to establish diversity citizenship."[50] In any event, Defendant further argues that remand is premature and requests narrow jurisdictional discovery.[51]

First, Defendant contends that those unitholders relied upon by Plaintiff to defeat complete diversity are not "limited partners" by default.[52] Defendant asserts that, pursuant to Delaware and Texas law, Genesis Energy, L.P.'s Fifth Amended and Restated Agreement of Limited Partnership (the "Partnership Agreement") governs who is a "limited partner."[53] Defendant contends that the

---

[46] Rec. Doc. 6-1.

[47] *Id.* at 6.

[48] *Id.* at 8.

[49] Rec. Doc. 13 at 3.

[50] *Id.* (alteration in original).

[51] *Id.* at 7.

[52] *Id.* at 10.

[53] *Id.* at 10–12.

Partnership Agreement excludes beneficial owners from partnership, unless (1) the general partner consents to their admission as a "substituted limited partner," and (2) the admission "is shown on the books and records of the Partnership."[54] Defendant asserts that beneficial owners of Genesis Energy, L.P.'s common units who have not been elevated to "substituted limited partner" status are mere "assignees" with purely economic or beneficial interests.[55] Therefore, Defendant argues that Genesis Energy, L.P.'s citizenship does not turn on the citizenship of any such unitholder.[56] In short, Defendant argues that Plaintiff's citizenship is probably dependent on a small class of limited parters rather than every unitholder.[57]

Second, Defendant asserts that "if [Plaintiff] contends that a Missouri citizen is a limited partner or substituted limited partner whose citizenship defeats diversity, [Plaintiff] can easily identify that person and produce evidence of his or her limited partnership as of the date of [Defendant's] removal."[58] Defendant contends that Genesis Energy, L.P.'s records should allow Plaintiff to identify every limited partner because the Partnership Agreement requires Genesis Energy, L.P. to maintain a list of all limited and substituted limited partners.[59] Defendant argues that Plaintiff "attempts to place at issue non-public ownership and citizenship information that is uniquely within the possession, custody, or control of [Plaintiff]" and that Defendant is entitled to the opportunity to obtain those records.[60] Defendant, therefore, requests that the Court exercise its

---

[54] *Id.* at 11.

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] *Id.* at 12.

[59] *Id.*

[60] *Id.* at 1.

broad discretion to permit narrow jurisdictional discovery to allow Defendant to satisfy its burden in establishing jurisdiction over the case.[61]

***D. Plaintiff's Arguments in Reply***

Plaintiff notes that, despite Defendant's removal of this matter, "[t]his Court has already determined that [Plaintiff's] claim against [Defendant] belongs in state court along with the underlying claims by Brandon Darrow against [Plaintiff]."[62] Plaintiff reiterates that Defendant's "inability" to establish complete diversity does not justify delay or discovery but, instead, "requires remand."[63]

Citing to the Nicol Declaration, Plaintiff reasserts its argument that all of Genesis Energy, L.P.'s unitholders are limited partners for the purpose of diversity.[64] Further, Plaintiff argues that Defendant is not entitled to jurisdictional discovery.[65] Specifically, Plaintiff asserts that "[t]he party requesting discovery is 'not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to' prove jurisdiction."[66] Plaintiff further asserts that jurisdictional discovery is inappropriate where "it places an incredible expense" on the non-removing party.[67] Plaintiff contends that "[w]hether [Defendant] can identify the citizenship of over a 100 million limited partners of a publicly traded limited partnership with a complex, multi-layered ownership structure is a functionally impossible and prohibitively

---

[61] *See id.* at 6.

[62] Rec. Doc. 16 at 1.

[63] *Id.* at 2.

[64] *Id.* at 9.

[65] *Id.* at 6.

[66] *Id.* (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)).

[67] *Id.* at 7.

expensive task," and permitting jurisdictional discovery here "flip[s] the removal burden on its head."[68]

Regarding Plaintiff's prior citizenship allegations in other matters not before this Court, Plaintiff asserts that "[t]he fact that courts in those cases may not have scrutinized [Plaintiff's] citizenship allegations does not have any effect on the present litigation [because] [c]ourts have no authority to create jurisdiction by acquiescence."[69]

### *E. Plaintiff's Rule 7.1 Disclosure Statement*

In pertinent part, Plaintiff's July 10 disclosure provides:

> Genesis Energy, L.P. cannot identify the citizenship of all beneficial owners of its common units as of the date of removal, May 15, 2026, because the majority of its common units are held through brokerage accounts and other intermediaries that do not provide historical beneficial-owner information to [Plaintiff] tied to a particular date. Rather, for tax purposes, those brokerage accounts and other intermediaries only provide year-end reports to Genesis Energy, L.P.'s accountant reflecting all persons and entities who owned common units of Genesis Energy, L.P. at any point in time during the prior tax year. The most recent such annual report in Genesis's possession reflects all persons who owned common units of Genesis Energy, L.P. at any point during 2025, and that report confirms that in 2025 there were unit owners residing in every state in the United States, including 464 unit holders with Missouri addresses, of whom 252 were individuals.[70]

### *F. Defendant's Arguments in Supplemental Opposition to Remand*

Following Plaintiff's submission of the July 10 disclosure, Defendant filed a supplemental response to Plaintiff's Motion to Remand.[71] There, Defendant reasserts its argument that the citizenship of a limited partnership is determined solely by reference to its partners, and Genesis

---

[68] *Id.*

[69] *Id.* at 10.

[70] Rec. Doc. 19.

[71] Rec. Doc. 20.

Energy L.P.'s common unitholders are not "partners" by default.[72] Furthermore, Defendant contends that Plaintiff's July 10 disclosure is defective.[73] Defendant, relying on *SXSW, L.L.C. v. Federal Insurance Co.*,[74] identifies the following as some of the defects in Plaintiff's July 10 disclosure: (1) Plaintiff's disclosure "does not name or identify anyone, and . . . speaks to ownership rather than membership," (2) Plaintiff's disclosure fails to allege citizenship and instead alleges residency, and (3) Plaintiff's disclosure, which is based on a 2025 tax report, is not tied to the proper jurisdictional dates of April 7, 2026 (the original filing date) or May 15, 2026 (the removal date).[75]

Defendant further asserts that Plaintiff can identify Genesis Energy, L.P.'s beneficial owners on the date of removal, as Genesis Energy, L.P. made a quarterly distribution to its common unitholders on May 15, 2026.[76] Defendant further contends that "[Plaintiff], twice given the opportunity, has not identified a single individual or entity—by name, by partnership status, or by domicile—whose Missouri citizenship is attributable to [Plaintiff] on the jurisdictional dates."[77] On this basis, Defendant requests that the Court to deny the Motion to Remand, or alternatively permit "expedited, narrowly tailored jurisdictional discovery."[78]

---

[72] Rec. Doc. 20.

[73] *Id.*

[74] *SXSW, L.L.C. v. Federal Insurance Co.*, 83 F.4th 405 (5th Cir. 2023).

[75] Rec. Doc. 20 at 7–9.

[76] *Id.* at 10.

[77] *Id.* at 11.

[78] *Id.*

### *G. Plaintiff's Arguments in its Second Reply*

In reply, Plaintiff contends that any deficiency its July 10 disclosure may present is legally irrelevant to the question of whether Defendant satisfied its burden as the removing party.[79] Plaintiff reasserts that "[t]he consequence of an incomplete jurisdictional record at removal is remand, not placing more expenses and burden on the opposing party in favor of the removing party that has failed to carry its burden."[80]

Still, Plaintiff asserts that the July 10 disclosure is based on "the most complete and accurate information reasonably available to [Plaintiff]."[81] Plaintiff further argues that the deficiencies identified by Defendant are without merit.[82] First, Plaintiff contends that "[i]dentifying individual beneficial owners who owned units during 2025 would be irrelevant to the jurisdictional inquiry, and in any event that information is treated as confidential."[83] Second, Plaintiff contends that "neither side can currently establish the citizenship of Genesis Energy, L.P.'s unit holders with certainty."[84] Third, Plaintiff contends that it cannot provide a more specific disclosure tied to the jurisdictional dates because "more contemporaneous beneficial-owner data . . . does not yet exist."[85] Fourth, Plaintiff contends that Genesis Energy, L.P.'s ability to distribute

---

[79] Rec. Doc. 21. at 2.

[80] *Id.* at 4.

[81] *Id.*

[82] *Id.* at 5.

[83] *Id.*

[84] *Id.*

[85] *Id.* at 6.

a quarterly distribution to its common unitholders does not unmask the individual beneficial owners for whom the "holder of record" is another nominee or intermediary.[86]

Finally, Plaintiff reiterates that Defendant is not entitled to jurisdictional discovery because Defendant has not satisfied its burden of demonstrating that discovery is necessary here.[87]

## III. Legal Standard

In analyzing the issues presented by the instant motion, the Court is guided by the fundamental principle that, unlike state courts, federal courts are courts of limited jurisdiction.[88] That is, federal courts have the power to exercise jurisdiction only where authorized by the Constitution or by statute.[89] Federal district courts possess two forms of original subject-matter jurisdiction: federal question jurisdiction[90] and diversity jurisdiction.[91]

A defendant may remove a state civil court action to federal court provided that the federal court has original jurisdiction over the matter.[92] The removing party bears the burden of

---

[86] *Id.*

[87] *Id.* at 8.

[88] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

[89] *Kokkonen*, 511 U.S. at 377.

[90] 28 U.S.C. § 1331. Federal question jurisdiction exists where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)).

[91] 28 U.S.C. § 1332.

[92] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

demonstrating that federal jurisdiction exists.[93] If the Court lacks subject matter jurisdiction, remand is appropriate.[94]

Diversity jurisdiction exists over any civil matter between citizens of different states, where the amount in controversy exceeds $75,000.[95] The exercise of diversity jurisdiction requires "complete diversity" between the parties, meaning that each plaintiff must be diverse from every defendant.[96] When removal is based on diversity of citizenship, the diversity "must exist both at the time of filing in state court and at the time of removal."[97] "If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties."[98] On a motion to remand, in particular, the removing party bears the burden of establishing the citizenship of relevant parties for the purpose of demonstrating complete diversity.[99]

Furthermore, the means of determining an entity's citizenship depends on the type of entity involved.[100] Whether the entity is an incorporated entity or an unincorporated one is particularly determinative.[101] A corporation is a citizen of both the state in which it is incorporated and the state

---

[93] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[94] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[95] 28 U.S.C. § 1332(a).

[96] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

[97] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

[98] *Id.*

[99] *See, e.g.*, *Deep Marine Tech., Inc. v. Conmaco/Rector, LP*, 515 F. Supp. 2d 760, 768 (S.D. Tex. 2007).

[100] *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 196–97 (1990) (reaffirming that extending corporate citizenship for diversity purposes to unincorporated entities, even those functionally similar to corporations, is a matter for Congress alone).

[101] *See id.*

of its principal place of business.[102] On the other hand, the citizenship of an unincorporated entity, like a limited liability company or limited partnership, is determined by the citizenship of each of its members.[103] Specifically, for the purposes of diversity jurisdiction, a limited liability company is a citizen of each state in which its members are citizens.[104] A limited partnership is a citizen of each state in which both its general and limited partners are citizens.[105] Furthermore, when assessing the citizenship of an unincorporated entity with a complex or nested business structure, courts must "trace" that entity's citizenship "down [its] various organizational layers."[106]

In any case, the removing party bears the burden of establishing subject matter jurisdiction.[107] A "party may neither consent to nor waive federal subject matter jurisdiction[,]"[108] and therefore, "the right to secure a remand in the absence of [subject matter jurisdiction] cannot be waived."[109] Further, on a motion to remand, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[110]

---

[102] 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

[103] *See Harvey*, 542 F.3d at 1079–80 (extending *Carden*, 494 U.S. 185, to limited liability companies).

[104] *Id.* at 1080.

[105] *See Carden*, 494 U.S. at 187 (holding that a limited partnership's citizenship cannot be properly determined by reference only to its general partners).

[106] *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

[107] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[108] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[109] *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 662 (7th Cir. 1976).

[110] *Acuna,* 200 F.3d at 339 (citing *Coastal Corp.*, 855 F.2d at 1164).

## IV. Analysis

### *A. Admiralty Jurisdiction as an Alternative Basis for Jurisdiction*

Plaintiff asserts that Defendant's attempt to rely on this Court's admiralty jurisdiction under 28 U.S.C. § 1333 as an alternative basis of removal is contrary to well-settled law. Plaintiff notes that Defendant failed to provide support for this alternative jurisdictional basis other than the mere assertion that Plaintiff's Petition alleges a maritime tort. Defendant has not directly responded to this argument.

The Court agrees with Plaintiff that Defendant's jurisdictional allegation under 28 U.S.C. § 1333 is contrary to well-established law. "Maritime claims initiated in state court are, by definition, brought at common law under the saving to suitors clause as an 'exception' to the original jurisdiction of the federal courts."[111] Therefore, the Court finds that 28 U.S.C. § 1333 alone does not grant the Court jurisdiction over this matter.

### *B. Diversity Jurisdiction as a Basis for Removal*

Plaintiff contends that this matter should be remanded to state court because Defendant has not and cannot adequately establish diversity jurisdiction.[112] It is not disputed that the amount in controversy requirement is satisfied here. Instead, Plaintiff argues that Defendant, a citizen of Missouri, "has not and cannot meet its burden of establishing [complete diversity]."[113] Specifically, Plaintiff asserts that Defendant applied the wrong test to determine the citizenship of Genesis Energy, L.P. and specifically failed to allege the citizenship of its limited partners.[114]

---

[111] *Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 764 (E.D. La. 2014) (citing *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 222 (5th Cir. 2013)).

[112] Rec. Docs. 13, 20.

[113] Rec. Doc. 6-1 at 2–3.

[114] *Id.*

Plaintiff, relying on the Nicol declaration, asserts that Plaintiff is "most probably" a citizen "of every state, including the State of Missouri."[115]

It is undisputed that Defendant is a corporation incorporated in Missouri and whose principal place of business is located in Missouri.[116] Therefore, the Court finds that Defendant is a citizen of Missouri.[117]

To determine Plaintiff's citizenship, which is disputed, the Court must trace Plaintiff's citizenship through its organizational layers.[118] Plaintiff is a limited liability company whose citizenship is determined by its sole member, Genesis Crude Oil, L.P.[119] Genesis Crude Oil, L.P. is a limited partnership whose citizenship is determined by both its single general partner, Genesis Energy, LLC, and its single limited partner, Genesis Energy, L.P.[120] Genesis Energy, LLC is a limited liability company, whose citizenship is determined by its sole member, Genesis Energy, L.P.[121] Finally, Genesis Energy, L.P. (which, again, is both the single limited partner of Genesis Crude Oil, L.P. and the sole member of Genesis Energy, LLC) is a master limited partnership ("MLP") whose general partner is Genesis Energy, LLC and whose millions of common units are publicly traded.[122] Neither Plaintiff nor Defendant have specifically alleged the citizenship of Genesis Energy, L.P.'s common unitholders. Furthermore, the parties dispute whether it is possible

---

[115] *Id.* at 3.

[116] Rec. Doc. 9.

[117] 28 U.S.C. § 1332(c)(1).

[118] *Mullins*, 564 F.3d at 397.

[119] *Id.*

[120] Rec. Doc. 19.

[121] *Id.*

[122] *Id.*

to ascertain the identities of each common unitholder and whether their citizenship is even relevant to the Court's diversity analysis.

Defendant asks the Court to exclude from its diversity analysis any unitholder of Genesis Energy, L.P.'s common units who is not a "limited partner" under Genesis Energy, L.P.'s Partnership Agreement.[123] Defendant argues that state law governs who is a partner for diversity purposes.[124] However, "decisions about removal must be made on the basis of federal law, not state law."[125]

Ultimately, having traced the citizenship of Genesis Marine, LLC through its nested organizational structure, the Court concludes that Plaintiff's citizenship hinges on the citizenship of Genesis Energy, L.P. Determining the citizenship of Genesis Energy, L.P., a master limited partnership, appears to present an issue of first impression in this District. Neither the Fifth Circuit nor the Supreme Court have squarely answered whether common unitholders of a master limited partnership should be considered for diversity purposes.[126]

In *Carden v. Arkoma Associates*, the Supreme Court stated that there is a "doctrinal wall" between incorporated and unincorporated entities, and "[the Court has] never held that an [unincorporated] entity . . . can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members."[127] The Court also concluded that considerations regarding the varying degrees of control that members may exercise over an unincorporated entity

[123] *See, e.g.*, Rec. Doc. 20.

[124] *Id.*

[125] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016).

[126] *See Trafigura AG v. Enter. Prod. Operating LLC*, 995 F. Supp. 2d 641, 644 (S.D. Tex. 2014).

[127] *Carden*, 494 U.S. at 190–92.

"have played no part in [the Supreme Court's] decisions."[128] Since *Carden*, federal courts have repeatedly extended this principle to other unincorporated entities.[129]

Defendant relies on *Carbine v. Xalapa Farm*[130] to support its contention that the Court should exclude common unitholders with purely economic interests in Genesis Energy, L.P. from its diversity analysis. While well-argued, Defendant's reliance on *Carbine* is ultimately unpersuasive here. First, the court in *Carbine* did not analyze the citizenship of an MLP, but a limited partnership.[131] Second, *Carbine* does not justify a departure from the clear principles espoused in *Carden*, especially considering the Nicol declaration's assertion that these beneficial owners are, in fact, limited partners of the MLP.[132]

While not binding on this Court, the district courts in this Circuit that have taken up the question of MLP citizenship have all rejected arguments similar to arguments presented by Defendant.[133] The Tenth Circuit, which has also addressed this issue, has concluded that "an MLP's citizenship consists of its unitholders' citizenship" as well.[134] Admittedly, these courts did not specifically address the impact a partnership agreement, which may exclude some unitholders from partnership, has on this analysis. Still, district courts have included an MLP's common unitholders

---

[128] *Id.* at 192.

[129] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 906 (10th Cir. 2015) (collecting cases).

[130] *Carbine v. Xalapa Farm, L.P.*, 980 F. Supp. 860 (E.D. La. 1997).

[131] *Id.*

[132] Rec. Doc. 6-2 ¶ 8.

[133] *St. Paul Fire & Marine Ins. Co. v. Covington Co., Inc.*, 542 F. Supp. 3d 458 (W.D. La. 2021); *Williams Williams v. Pipe Pros, LLC*, No. 20-57, 2021 WL 951933, at *3 (S.D. Tex. Mar. 11, 2021) ("[T]he citizenship of a master limited partnership is determined by the citizenship of its members or, more accurately, its 'unitholders.'"); *Trafigura AG*, 995 F. Supp. 2d 641.

[134] *Grynberg*, 805 F.3d at 905.

in their diversity analysis without parsing though partnership agreements, even when unitholders may not be "partners" under those agreements.[135]

Ultimately, this Court is a court of limited jurisdiction, and on a motion to remand, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[136] Therefore, the Court finds it appropriate to hold that all of Genesis Energy, L.P.'s unitholders are relevant in the diversity analysis in light of *Carden's* "doctrinal wall" and in the absence of other guidance from the Fifth Circuit, the Supreme Court, or Congress.

Relatedly, it is undisputed that "[Plaintiff] has in numerous federal court filings [asserted] that [Plaintiff] is a citizen of Delaware and Texas, and no other state."[137] Plaintiff correctly argues that "[j]urisdiction cannot be created by waiver or consent."[138] The Court finds Plaintiff's manipulation of the jurisdictional requirements in prior cases troublesome. Nevertheless, for the reasons stated above, Plaintiff is a citizen of each state in which its unitholders are citizens.

### *C. Defendant's Request for Jurisdictional Discovery*

Defendant asks the Court to deny Plaintiff's Motion to Remand or, alternatively, to continue the instant motion's submission and order jurisdictional discovery.[139]

To satisfy its jurisdictional burden, Defendant needed to trace Plaintiff's citizenship through its organizational structure and specifically allege the citizenship of Genesis Crude Oil,

---

[135] *See Markwest Liberty Midstream & Res., L.L.C. v. Bilfinger Westcon, Inc.*, No. 16-118, 2016 WL 6553591 (N.D. W. Va. Nov. 4, 2016) (rejecting a similar argument and citing *Wood v. Walton*, No. 09-3398, 2010 WL 458574 (N.D. Md. Feb. 2, 2010), in which another district court "considered . . . common unitholders to be limited partners whose citizenship was relevant to the diversity analysis" even "without going into a highly technical scrutinization of [the MLP's] partnership agreement").

[136] *Acuna,* 200 F.3d at 339 (citing *Coastal Corp*., 855 F.2d at 1164).

[137] Rec. Doc. 20 at 11.

[138] *Id.* at 9–10.

[139] Rec. Doc. 20.

L.P., Genesis Energy, LLC, and Genesis Energy, L.P. Plaintiff argues that Defendant failed to do so by applying the wrong test to determine the citizenship of the limited partnerships and, as a result, also failed to distinctly and affirmatively allege the citizenship Genesis Energy, LLC. Defendant responds by acknowledging its burden as the removing party but ultimately claims that Plaintiff's July 10 disclosure is defective and that jurisdictional discovery is needed so that Plaintiff can ascertain the citizenship of Genesis Energy, L.P.'s limited partners and carry its burden.

As a preliminary matter, a court's decision to grant jurisdictional discovery is largely discretionary.[140] Jurisdictional discovery may be warranted when "the issue of subject matter jurisdiction turns on a disputed fact."[141] The party requesting discovery is "not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to" prove jurisdiction.[142] Further, the Fifth Circuit has refused to allow "'jurisdictional fishing expedition[s]' based on a [party's] general averments that more discovery will prove [diversity] jurisdiction."[143]

The Court is unpersuaded that limited jurisdictional discovery will be helpful here. First, Louis Nicol has sworn that "there is no complete list of all beneficial owners of [Genesis Energy, L.P.'s] common units."[144] For the reasons discussed above, the citizenship of each common unit holder must be considered in the Court's diversity analysis. Second, it appears to be extremely likely that complete diversity does not exist here. According to Plaintiff, Plaintiff has disclosed all

---

[140] *See Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982).

[141] *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012) (citing *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319–20 (5th Cir. 2012)).

[142] *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013).

[143] *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (quoting *Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 797 (N.D. Tex. 2010)).

[144] Rec. Doc. 6-2 ¶15.

jurisdictional evidence in its possession in the July 10 disclosure, wherein Plaintiff stated that, in 2025, "there were unit owners residing in every state in the United States, including 464 unit holders with Missouri addresses, of whom 252 were individuals."[145] Defendant is correct in pointing out that allegations of residency are not allegations of citizenship.[146] The citizenship of a natural person is determined by their domicile, meaning the jurisdiction in which that person resides (or is physically located) and intends to remain for the indefinite future.[147] However, the fact remains that Genesis Energy, L.P. is an MLP with over 100 million publicly traded common units.[148] Permitting jurisdictional discovery in light of these facts would seemingly be to permit an impermissible "jurisdictional fishing expedition."[149]

Finally, establishing complete diversity and the need for jurisdictional discovery in this matter is a burden that Defendant alone carries.[150] While the Court recognizes the difficulty involved in investigating and alleging the citizenship of Genesis Energy, L.P.'s millions of common unitholders, the Court is unconvinced that limited jurisdictional discovery will produce the jurisdictional facts necessary to prove the Court's jurisdiction over this case. Because Defendant has not met its burden to show that the parties are completely diverse, the Court finds it appropriate to remand this matter to state court and deny Defendant's request for jurisdictional discovery.

---

[145] Rec. Doc. 21.

[146] Rec. Doc. 20 at 8.

[147] *Jeanmarie v. Indian Harbor Ins. Co.*, 603 F. Supp. 3d 364, 369 (E.D. La. 2022).

[148] Rec. Doc. 6-2 ¶ 8.

[149] *See Johnson*, 21 F.4th at 326.

[150] *See In re MPF Holdings US LLC*, 701 F.3d at 457 (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)).

## V. Conclusion

For the foregoing reasons, the Court finds that Defendant has not established that it is entitled to jurisdictional discovery. Further, the Court finds that Defendant failed to establish federal subject matter jurisdiction over this matter. The Court, therefore, finds it appropriate to remand this matter to the Fortieth Judicial District Court, Parish of St. John the Baptist, State of Louisiana. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Remand[151] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Fortieth Judicial District Court, Parish of St. John the Baptist, State of Louisiana.

**NEW ORLEANS, LOUISIANA,** this 2nd day of November, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[151] Rec. Doc. 6.